IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RENITA ROPER, | § | CIVIL ACTION NO. 2-02CV-302 DF |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Jury Demanded** |
| | § | |
| A. E. MOORE CONSTRUCTION, | § | |
| INC., | § | |
| **Defendant.** | § | |

## PLAINTIFF, RENITA ROPER'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** Renita Roper, hereinafter called Plaintiff, complaining of and about A. E. Moore Construction, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

   1.   Plaintiff Renita Roper, is a citizen of the United States and the State of Texas and resides in Hopkins County, Texas.

   2.   Defendant A. E. Moore Construction, Inc. may be served by serving Linda Moore, its Registered Agent at 675 Hillcrest Drive, Sulphur Springs, Texas 75482.

### JURISDICTION

   3.   The action arises under 42 U.S.C. 2000e and 29 U.S.C. 206 (d) (1) as hereinafter more fully appears.

   4.   This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5.     This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and Title 29 U.S.C.

Section 206 (d) (1) to correct unlawful discrimination of equal pay for equal work on the basis of sex.


## CONDITIONS PRECEDENT

6.     All conditions precedent to jurisdiction have occurred or been complied with: a charge

of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred

days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's

receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7.     A. E. Moore Construction, Inc., a government contractor subject to wage rates

predetermined by the Secretary of Labor (Federal projects) and by state statute (state projects),

discriminated against Plaintiff on the basis of her sex by allowing Mr. Sonny Moore, owner's husband

and operating manager of the company, to create an atmosphere motivated by hate toward Plaintiff

and/or all women.  This was accomplished by employing and compensating Plaintiff and other women

for a specific job title at a specific wage rate, but required Plaintiff and other women to perform

assigned duties that were associated with a higher job title with a higher wage rate; men were assigned

to and compensated for similar duties at the higher job title with the higher wage rate without

compromise.  More specifically, Plaintiff was assigned to the job title and wage rate of a *laborer*, but

was required to perform duties of a *job foreman/supervisor*.  Additionally Plaintiff did not receive the

same benefits or raises afforded male workers with similar positions. Plaintiff additionally suffered from

Mr. Moore unwelcome sexual advances, derogatory remarks about the capabilities of herself and all

women, personal verbal attacks, intimidating remarks and actions directed at her job security, and sexual harassment by vulgar and obscene language and actions. When Plaintiff asked for equal pay and complained of working conditions, A. E. Moore Construction, Inc. subjected her to continual lay-offs without pay and hazardous working conditions in addition to the sexual discrimination and harassment. The hazardous working conditions produced numerous injuries to Plaintiff. The last injury on April 23, 2001 left Plaintiff permanently disabled without adequate Worker's Compensation because of the Company's prior wage discrimination and retaliation against Plaintiff in lay-offs. Plaintiff was told she was terminated on February 26, 2002 because the Company's Worker's Compensation insurance rates were so high, the Company had to change insurance companies.

## THE EQUAL PAY ACT

8.      Defendant, A. E. Moore Construction, Inc., intentionally and willfully engaged in underpayment of Plaintiff on the basis of sex by paying wages to Plaintiff at a rate less than the rate of which wages were paid to employees of the opposite sex for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar workings conditions.   Employing a job practice of assigning a job title to a female employee in a lesser "wage rate zone", but assigning her duties in a higher "wage rate zone" that commanded a higher salary and not applying the same practice to male employees is a violation of 29 U.S.C. Section 206 (d)(1).

## TITLE VII AND THE EQUAL PAY ACT

9.      Defendant, A. E. Moore Construction, Inc., in practicing a gender-based wage discrimination policy, demonstrated an intent to discriminate by assigning Plaintiff to the job position of *flagger* at the inception of her employment, but required her to work as a laborer. Most recently, Plaintiff was assigned the job position of *laborer*, but was required to work as a

*foreman/supervisor.*  Plaintiff was not awarded the same raises and benefits awarded men who performed the same duties.  This included, but was not limited to, a guaranteed work week of forty hours, company-furnished uniforms and cell phones, Christmas bonuses, vacations, raises, and promotions.  Plaintiff was informed by the company that men took precedent over women because men had more brains than women, and men needed the money and/or positions more than women because they had families to support. Additionally, Mr Sonny Moore stated that he wanted a man for the *foreman/supervisor* position rather than a woman.

## SEX DISCRIMINATION AND SEXUAL HARASSMENT

10.     Defendant, A. E. Moore Construction, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.  She was continually told that she could not be compensated, promoted and enjoy the same working conditions and benefits as the male employees because she was a woman.  Because Plaintiff rejected sexual advances by Mr. Sonny Moore at the beginning of her employment, she continually suffered sexually offensive or vulgar language, specific acts of sexually offensive visual and physical conduct and a hostile environment that escalated to circumstances that most recently left her permanently disabled and unemployed.

11.     Defendant sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 2000e (2)(a).  Defendant, A. E. Moore Construction, Inc., knew or should have known of the harassment, yet failed to take prompt remedial action.

## DISCRIMINATION

12.     Defendant, A. E. Moore Construction, Inc., intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of 42

U.S.C. Section 2000e (2)(a).

13.     Defendant, A. E. Moore Construction, Inc., intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

12.     Plaintiff alleges that Defendant, A. E. Moore Construction, Inc., discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the state-protected rights of Plaintiff.

### RETALIATION BY A. E. MOORE CONSTRUCTION, INC.

14.     Plaintiff alleges that Defendant A. E. Moore Construction, Inc. instituted a campaign of retaliation which included:

1.  making her take a voluntary lay-off when she asked for equal treatment,

2.  Subjecting her to remarks, gestures and hazardous working conditions..  This retaliation was and is due to Plaintiff exercising her rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

### OTHER CAUSE OF ACTION BY A. E. MOORE CONSTRUCTION, INC.

15.     Defendant A. E. Moore Construction, Inc. violated Title 5, Worker's Compensation, Subtitle B; more specifically Chapter 451 of the Texas Labor Code, Section 451.001 et. seq. by discriminating and retaliating against Plaintiff for filing a Worker's Compensation claim.

### DAMAGES

16.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a)     All reasonable and necessary Attorney's fees incurred by or on behalf of

Plaintiff;

(b)     Past lost income (including fringe benefits)

(c)     Future lost income (including fringe benefits)

(d)     Mental anguish in the past;

(e)     Mental anguish in the future;

(f)     Prejudgment interest;

(g)     Postjudgment interest;

## EXEMPLARY DAMAGES

18.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

19.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a. Prohibit by injunction the Defendant from engaging in unlawful employment practices.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Renita Roper, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Charles H. Clark, P.C.
Texas Bar No. 04274000
Clark, Lea & Ainsworth
604 Woldert Street
Tyler, Texas  75702
Tel. (903)593-1514
Fax. (903)595-1294
Attorney for Plaintiff
Renita Roper

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY